1  STEVEN H. BOVARNICK (State Bar # 99361)
   Sbovarnick@lpslaw.com
2  LELAND, PARACHINI, STEINBERG,
     MATZGER & MELNICK, LLP
3  199 Fremont Street - 21st Floor
   San Francisco, California 94105
4  Telephone: (415) 957-1800
   Facsimile: (415) 974-1520
5
6  Attorneys for Defendants Helen v. Chan; John Y.
   Chan; Raymond Young (dec.) and Lily Young

7

8              UNITED STATES DISTRICT COURT

9    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11 BRIAN WHITAKER,                    Case No. 3:21-cv-02445-LB

12          Plaintiff,                **NOTICE OF MOTION AND MOTION TO
                                      DISMISS PURSUANT TO FRCP 12(B)(1)**
13     vs.                            **AND (H)(3); MEMORANDUM OF
                                      POINTS AND AUTHORITIES IN
14 HELEN V. CHAN, et al.,             SUPPORT THEREOF**

15          Defendants.              Date:      May 26, 2022
                                     Time:      9:30 a.m.
16 _____  Courtroom: B

17     TO BRIAN WHITAKER AND HIS ATTORNEYS OF RECORD, POTTER HANDY,

18 LLP AKA CENTER FOR DISABILITY ACCESS:

19     PLEASE TAKE NOTICE that on May 26, 2022 at 9:30 a.m. or as soon thereafter as

20 counsel may be heard in the United States District Court, located at San Francisco Courthouse,

21 Courtroom B - 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, defendants Helen

22 V. Chan, John Y. Chan, Raymond Young (dec.) and Lily Young (collectively "Defendants") will

23 move the court pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and (h)(3) for an

24 order dismissing the action on the grounds that Plaintiff Brian Whitaker ("Plaintiff") lacks

25 standing to sue under the Americans with Disabilities Act ("ADA") and as a result, this court

26 lacks subject matter jurisdiction.

27 ///////

28 {TRYOUN/0005/PLD/01841491.DOCX}        1        Case No. 3:21-cv-02445-LB
   NOTICE OF MOTION AND MOTION TO DISMISS
   PURSUANT TO FRCP 12(B)(1) AND (H)(3);
   MEMORANDUM OF POINTS AND AUTHORITIES
   IN SUPPORT THEREOF

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET - 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 • FAX (415) 974-1520

1  Defendants seek an order dismissing Plaintiff's complaint with prejudice.  Attached as

2  Exhibit A is a Proposed Order for the Motion to Dismiss.

3  This Motion is based on this Notice of Motion and Motion, the below Memorandum of

4  Points and Authorities, the Declaration of Sze Ming Chan, the Declaration of Steven H.

5  Bovarnick, all pleadings, files and record in the action, all matters as to which the Court may

6  take judicial notice, and any argument or evidence that may be presented to or considered by

7  the Court prior to its ruling.

8  DATED:  April 27, 2022                    LELAND, PARACHINI, STEINBERG,
                                            MATZGER & MELNICK, LLP
9

10

11                                          By:  _____/s/ Steven H. Bovarnick_____
                                                Steven H. Bovarnick
12                                              Attorneys for Defendants Helen v. Chan; John Y.
                                                Chan; Raymond Young (dec.) and Lily Young
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET · 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 · FAX (415) 974-1520

28  {TRYOUN/0005/PLD/01841491.DOCX}          2          Case No. 3:21-cv-02445-LB

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.      INTRODUCTION**

3       This motion is brought pursuant to Federal Rules of Civil Procedure Rule 12(b)(1) and

4   (h)(3) challenging subject matter jurisdiction, specifically Plaintiff Brian Whitaker's standing

5   to sue.  An injury in fact required for standing to sue must be "concrete and particularized and

6   actual or imminent, not conjectural or hypothetical."  See *inter alia*, *Friends of the Earth, Inc.*

7   *v. Laidlaw Envtl. Servs. (TOCS), Inc.,* 528 U.S. 167, 180-81 (2000). In an ADA case, plaintiff

8   demonstrates an injury in fact as a sufficient basis for injunctive relief by presenting evidence

9   of a concrete, not hypothetical, intent to return to the business sued. *D'Lil v. Best W. Encina*

10  *Lodge & Suites*, 538 F.3d 1030, 1037 (9th Cir. 2008).

11      Here, the COVID-19 pandemic forced Versailles Hair Salon to **permanently close in**

12  **November 2021**. Injunctive relief is impossible.  The Court lacks subject matter jurisdiction.

13  The case should be dismissed.

14  **II.     PROCEDURAL BACKGROUND**

15      On **April 6, 2021**, Plaintiff filed a complaint against Defendants alleging violations of

16  the Americans with Disabilities Act. (Doc. No. 1).

17      On **September 27, 2021**, Defendants answered the complaint. (Doc. No. 23).

18      On **October 4, 2021**, Plaintiff served initial disclosures. (Bovarnick Decl., ¶6, Ex. 2).

19      On **March 21, 2022**, Plaintiff filed a Motion for Administrative Relief with respect to

20  joint site inspection. (Doc. No. 26).

21      On **March 24, 2022**, counsel for Defendants emailed counsel for Plaintiff:

22      "Please respond.  As I mentioned yesterday, what appears happened is that
        there were no communications after the answer to complaint was filed on
23      9/27/21 and initial disclosures were served on 10/4/21.  Having now reviewed
        the initial disclosures and adding what I learned yesterday, which is that the
24      storefront at 671 Clay Street is unoccupied, the owner of the hair salon having
        retired in May 2021, it does not appear that your client has a claim and the case
25      should be dismissed forthwith."

26      (Bovarnick Decl. ¶7, Ex. 3)

27

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET - 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 • FAX (415) 974-1520

28

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET · 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 · FAX (415) 974-1520

On **March 25, 2022**, counsel for Plaintiff replied:

"Please provide evidence that no business is currently operating out of the premises.  If that is the case, my client will stipulate to forgo the JSI.

If the business has been closed since May, 2021, the plaintiff's Unruh claim would still not be rendered moot, per the ruling in Johnson v. Cala Stevens Creek (401 F.Supp.3d 904), since the plaintiff encountered the barriers mentioned in the complaint before it closed down. Further, it is not a necessary showing for our client's claim, that he have made an appointment for a haircut.

(Bovarnick Decl. ¶8, Ex. 4).

On **March 25, 2022**, Defendants filed their Response to Motion for Administrative Relief, informing the court, as they had informed Plaintiff, that the business was permanently closed and if Plaintiff did not voluntarily dismiss the action, Defendants would file a motion to dismiss. (Doc. No. 27).

On **March 26, 2022**, counsel for Defendants replied:

I will obtain additional information to establish that the business has been closed since May 2021.  You are mistaken on law with procedural posture. *Johnson v. Cala Stevens Creek* involved a pending two year case by your office which had gone through several mediation sessions and as to which discovery was closed.   You are also mistaken on the predicate showing that your client would need to make if the business was operating and the claim was not moot.

Upon receipt of the additional information, you should dismiss this case so my client does not incur the time and expense of filing a motion to dismiss and the court is required to use judicial resources.

Incidentally, it is not within the province of parties to stipulate to forgo the JSI under GO 56 - either the case is dismissed or agreement is reached resolving the claim for injunctive relief.   Here, the case should be dismissed.

(Bovarnick Decl. ¶9, Ex. 5).

On **March 30, 2022**, Order Granting In Part Administration Motion was entered, with the court extending the deadline to complete the site inspection from June 12, 2021 to April 30, 2022 and (2) related deadlines "but does not order the defendants to provide availability for the site inspection within any specific period given the possibility that defendants may soon move for dismissal." (Doc. No. 28).

////////

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND (H)(3); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

III.   **STATEMENT OF FACTS**

On **April 6, 2021**, Plaintiff filed a complaint against Defendants for alleged violations of the Americans with Disabilities Act ("ADA"). (Doc. No. 1).  Specifically, Plaintiff alleged that as of **March 2021**, Defendants "owned the real property located at or about 671 Clay St., San Francisco, California upon which the business "Versailles Hair Salon" operates." (Comp. ¶ 2- 5) and in paragraph 10, Plaintiff alleged:

> "Plaintiff went to Versailles Hair Salon ("Salon") in March 2021 with the intention to avail himself of its goods and services and to assess the business for compliance with the disability access laws.  Not only did Plaintiff personally encounter the unlawful barriers in March 2021, he wanted to return and patronize the business several times but was specifically deterred du to his actual personal knowledge of the barriers gleaned from his encounter with them."

On **May 4, 2021**, counsel for Defendants wrote to counsel for Plaintiff and demanded dismissal:

> It's been awhile.  I represent Helen V. Chan, John Y. Chan, Raymond Young (dec.) and Lily Young with respect to the above entitled matter.
>
> On April 6, 2021, Mr. Whitaker sued, alleging that he "went to Versailles Hair Salon ("Salon") in March 2021 to avail himself of its goods and services and to assess the business for compliance with the disability access laws...".  Apparently attempting to satisfy *Iqbal/Twombly*, Mr. Whitaker alleged that he was personally deterred ("…a couple of problems that plaintiff encountered…").  However, in March 2021, as it had been since the Bay Area Shelter-In-Place Order was issued on March 17, 2020, the Salon remained closed due to the pandemic. While the Salon was open by appointment only a day or two per week for a limited window of time during March, according to the tenant, Mr. Whitaker's name is not any of the appointment sheets.
>
> Response for John Chan is due May 6, 2021.  Raymond Young passed last August. From the proof of service filed with the court, it appears that your process server attempted substitute service on Raymond.  You apparently have not served Helen V. Chan or Lily Young.  By return letter or email, please confirm that you will dismiss the complaint forthwith.  If you are unwilling to do so, then please confirm a 20 day extension to respond to the complaint and I will prepare a stipulation to extend time.

(Bovarnick Decl. ¶4, Ex. 1).

Plaintiff failed to dismiss the complaint.  (Bovarnick Decl. ¶5).

On **September 27, 2021**, Defendants filed their answer to complaint. (Doc. No. 23).

On **October 4, 2021**, Plaintiff served its Initial Disclosures, signed by an attorney,

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET - 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 • FAX (415) 974-1520

Case No. 3:21-cv-02445-LB
NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND (H)(3); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET · 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 · FAX (415) 974-1520

1  Josie Zimmerman, asserting that Plaintiff and his girlfriend, Nessi Thomas, visited Versailles

2  Hair Salon on March 19, 2021, and provided copies of "1 screenshot of Plaintiff's March 19,

3  2021 visit to Salon", "3 Photographs of Plaintiff's March 19, 2021, visit to Salon", and "32

4  photographs of the paths of travel at the Store taken by Mr. [Corey] Taylor on March 30,

5  2021."  Amongst the pictures were several of notices posted by Versailles Hair Salon on

6  **September 14, 2020**: "Current opening hours.  By appointment.  Please call (415)989-1328."

7   A copy of the Plaintiff's Initial Disclosures with screenshot and 3 photographs allegedly

8  taken by Plaintiff on March 19, 2021 and one photograph taken by Mr. Taylor on March 30,

9  2021 is attached as Exhibit 2 to Bovarnick Declaration, Paragraph 6.

10      After lawsuit was served, counsel for Defendants spoke to Vincent Chan, son of the

11  owner, Sze Ming Chan, to determine if Versailles Hair Salon had record of Plaintiff making

12  an appointment in March 2021.  (Bovarnick Decl. ¶3.)  Vincent Chan and Sze Ming Chan

13  reviewed the appointment book and did not find an appointment by Plaintiff in March 2021.

14  (Bovarnick Decl. ¶3; Chan Decl.¶4). Vincent Chan mentioned that because of the pandemic

15  and downturn in business, his father planned to retire, expecting to close the business by May

16  2021. (Bovarnick Decl. ¶3; Chan Decl. ¶4).

17      While the business closed in May 2021, it was not until November 10, 2021 that Sze

18  Ming Chan filed Certificate of Dissolution with California Secretary of State and made a last

19  payment to Defendants.  (Chan Decl. ¶5). Since November 2021, Versailles Hair Salon has

20  been permanently closed. (Chan Decl. ¶5)

21      Plaintiff and Plaintiff's counsel, despite knowing that the salon has been permanently

22  closed since November 2021 have refused to dismiss this case and stated they will continue to

23  litigate this matter. (Bovarnick Decl. ¶10, Ex. 6)  To date, Plaintiff's counsel has not done so.

24  Therefore, Defendants bring this Motion to Dismiss pursuant to Fed. Rule of Civil Procedure

25  12(b)(1) and (h)(3) for a matter that clearly lacks subject matter jurisdiction.

26  //////

27  //////

28  {TRYOUN/0005/PLD/01841491.DOCX}          6          Case No. 3:21-cv-02445-LB

IV.   **LEGAL ANALYSIS**

    A.   **Legal Standard Under FRCP 12(b)(1) and 12(h)(3)**

Federal courts are courts of limited jurisdictions, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). The Court presumes that a cause lies outside this limited jurisdiction until the party invoking federal jurisdiction establishes otherwise. *Id.; In re Wilshire Courtyard,* 729 F.3d 1279, 1284 (9th Cir. 2013) ("The burden of establishing subject matter jurisdiction rests on the party asserting that court has jurisdiction.").

The proponent of jurisdiction has the burden of establishing every element of federal jurisdiction. *Abrego v. The Dow Chemical Co.,* 433 F.3d 676, 682-83 (9th Cir. 2006). Under Federal Rules of Civil Procedure ("Rule") 12, a defendant may move, at any time, to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A federal court always has jurisdiction to determine its jurisdiction." *In re Bunyan,* 354 F.3d 1149, 1152 (9th Cir. 2004.) (citing *United States v. Ruiz,* 536 U.S. 622, 628 (2002)). A Rule 12(b)(1) motion to dismiss tests whether a complaint alleges grounds for federal subject matter jurisdiction. Such a motion will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. See *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

That said, Courts do not accept the truthfulness of any legal conclusions contained in the complaint when assessing a facial attack on subject matter jurisdiction under Rule 12(b)(1). *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003). The Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988).

A factual attack on subject matter jurisdiction under Rule 12(b)(1) affords the district court discretion to consider extrinsic evidence and, if disputed, weight the evidence to determine whether the facts support subject matter jurisdiction without converting the motion to dismiss into a motion for summary judgment. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000).

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET - 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 · FAX (415) 974-1520

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET · 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 · FAX (415) 974-1520

1   "The presumption of correctness that we accord to a complaint's allegations falls away on

2   the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into

3   question." *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679,

4   685 (7th Cir, 1998). "When the defendant raises a factual attack, the plaintiff must support her

5   jurisdictional allegations with competent proof . . ." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th

6   Cir. 2014). Generally, the plaintiff must prove each of the requirements for subject matter

7   jurisdiction by a preponderance of the evidence in response to a defendant's factual Rule 12(b)(1)

8   motion. Id.

9   Under Rule 12(h)(3), "If the court determines at any time that it lacks subject-matter

10   jurisdiction, the court must dismiss the action." Such statutory words speak for themselves.

11   **B.    Pursuant to Rule 12(b)(1) and (h)(3), a Defendant may properly raise
         extrinsic evidence to demonstrate that a plaintiff cannot meet his
12         burden to establish jurisdiction.**

13   In a factual challenge as defendant asserts here, the moving party "disputes the truth of the

14   allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for*

15   *Everyone*, 373 F.3d at 1039. Where the moving party makes a factual challenge by presenting

16   evidence, "the party opposing the motion must furnish affidavits or other evidence necessary to

17   satisfy its burden of establishing subject matter jurisdiction." *Wolfe v. Strankman*, 392 F.3d 358,

18   362 (9th Cir. 2004) (citation and internal quotation marks omitted). In resolving the jurisdictional

19   issue, the court does not accept the allegations in the complaint as true. *Safe Air for Everyone*, 373

20   F.3d at 1039. "[The court] may hear evidence and make findings of fact necessary to rule on the

21   subject matter jurisdiction question prior to trial." *Rosales v. United States*, 824 F.2d 799, 803 (9th

22   Cir. 1987).

23   A factual attack on subject matter jurisdiction under Rule 12(b)(1) affords the district court

24   discretion to consider extrinsic evidence and, if disputed, weigh the evidence to determine whether

25   the facts support subject matter jurisdiction without converting the motion to dismiss into a motion

26   for summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

27   In this case, Defendant presents undisputed evidence in the form of the former tenant's

28

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET · 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 · FAX (415) 974-1520

1  declaration that the public accommodation in question is permanently closed, demonstrating that

2  Plaintiff has no standing to sue for injunctive relief.

3  **C.   Plaintiff Cannot Show Imminent Injury, Which is Required for Standing to Sue for Injunctive Relief – the Only Relief Available Under the ADA.**

5  Standing is a threshold jurisdictional requirement, derived from the "case or controversy"

6  language of Article II of the Constitution. *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 95,

7  102 (1998). "A party's standing is a condition of [the court's] subject matter jurisdiction.

8  [Citation.]" *Silver Sage Partners, LTD v. City of Desert Hot Springs*, 251 F.3d 814, 823, fn. 11

9  (9th Cir. 2001).

10  Here, subject matter jurisdiction exists only if Plaintiff has standing to sue for injunctive

11  relief. Private individuals may recover only injunctive relief under Title III; monetary damages are

12  not available. See *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1120 (9th Cir. 2000) (citing 42 U.S.C.

13  § 12188(a)).

14  In *D'Lil*, supra, 538 F.3d 1031, the court restated the test for standing for injunctive relief

15  under the ADA as follows:

16  "In the present case, the only issue is whether D'Lil met her burden with respect to the second prong of the 'injury in fact' requirement, specifically, whether she

17  demonstrated that her injury was "actual or imminent" at the time that she filed her complaint. Lujan 504 U.S. at 560. In the context of a suit for injunctive relief, this

18  requirement may only be satisfied where a plaintiff demonstrates '"**a sufficient likelihood that he will again be wronged in a similar way**" .... **That is, he must**

19  **establish a "real and immediate threat of repeated injury."**'"

20  Id. at 1037, emphasis added.

21  In the seminal case of *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), cited in D'Lil,

22  the Supreme Court stated the three elements for standing are:

23  "First, the plaintiff must have suffered an 'injury in fact' -- an invasion of a legally protected interest which is (a) **concrete and particularized**, [citations]; and (b)

24  '**actual or imminent**, not "conjectural" or "hypothetical,"'[citation]. Second, there must be a causal connection between the injury and the conduct complained of --

25  the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not ... the result [of] the independent action of some third party not before the

26  court.' [Citation.] **Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'**[Citation.]"

27

28  

NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO FRCP 12(B)(1) AND (H)(3);
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF

1    504 U.S. at 560-561, emphasis added.

2    The court in Lujan provides context for the concept that the injury claimed must be

3  imminent. There, the plaintiffs signed declarations that they intended someday to return to a

4  particular location where the government agency funded project would affect the wildlife that they

5  wanted to observe. Based on that intent, they claimed they were entitled to an injunction.

6  Rejecting such claims, the Supreme Court in Lujan set out the standing principles applicable to all

7  plaintiffs seeking injunctive relief:

8       "We shall assume for the sake of argument that these affidavits contain facts
        showing that certain agency-funded projects threaten listed species -- though that is
9       questionable. They plainly contain no facts, however, showing how damage to the
        species will produce 'imminent' injury to Mses. Kelly and Skilbred. That the
10      women 'had visited' the areas of the projects before the projects commenced
        proves nothing. As we have said in a related context, "'Past exposure to illegal
11      conduct does not in itself show a present case or controversy regarding injunctive
        relief . . . if unaccompanied by any continuing, present adverse effects."'
12      [Citations.] And the affiants' profession of an 'intent' to return to the places they
        had visited before -- where they will presumably, this time, be deprived of the
13      opportunity to observe animals of the endangered species -- is simply not enough.
        **Such 'some day' intentions -- without any description of concrete plans, or
14      indeed even any specification of when the some day will be -- do not support a
        finding of the "actual or imminent" injury that our cases require.** [Citation.]"

15   Id. at 564, emphasis added.

16   In *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009) the Supreme Court reaffirmed the

17  rule of law set forth in Lujan stating that a "vague desire to return is insufficient to satisfy the

18  requirement of imminent injury… ." (Id. at 496.).

19      **Plaintiff cannot possibly establish injury in fact because the salon is permanently

20  closed.** Plaintiff cannot possibly establish an "intent to return to the business" when the business

21  no longer exists. Plaintiff cannot even establish "some day" intentions because returning to the

22  Subject Property is literally impossible. The Subject Property is now vacant and the alleged ADA

23  issue complained in the Complaint no longer exists. Dec. of Chan, ¶ 2.

24      Given this crucial fact, the case must be dismissed with prejudice, and the state claims

25  dismissed as well.

26  //////

27

28

NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO FRCP 12(B)(1) AND (H)(3);
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET - 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 • FAX (415) 974-1520

1 | **V.      CONCLUSION**

2      The salon is permanently closed. Plaintiff cannot establish injury in fact because Plaintiff

3 cannot intend to return to a permanently closed salon. Defendant respectfully requests that this

4 Court grant the instant motion and dismiss both the Federal and State Claims with prejudice.

5 DATED:  April 27, 2022                 LELAND, PARACHINI, STEINBERG,
                                         MATZGER & MELNICK, LLP
6

7

8                                  By:        /s/Steven H. Bovarnick
                                         _____
9                                        Steven H. Bovarnick
                                         Attorneys for Defendants Helen v. Chan; John Y.
10                                       Chan; Raymond Young (dec.) and Lily Young

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET - 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 • FAX (415) 974-1520

{TRYOUN/0005/PLD/01841491.DOCX}        11        Case No. 3:21-cv-02445-LB
NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO FRCP 12(B)(1) AND (H)(3);
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF

# EXHIBIT A

STEVEN H. BOVARNICK (State Bar # 99361)
Sbovarnick@lpslaw.com
LELAND, PARACHINI, STEINBERG,
  MATZGER & MELNICK, LLP
199 Fremont Street - 21st Floor
San Francisco, California 94105
Telephone: (415) 957-1800
Facsimile: (415) 974-1520

Attorneys for Defendants Helen v. Chan; John Y.
Chan; Raymond Young (dec.) and Lily Young

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN WHITAKER,<br><br>Plaintiff,<br><br>vs.<br><br>HELEN V. CHAN, et al.,<br><br>Defendants. | Case No. 3:21-cv-02445-LB<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS** |

UPON CONSIDERATION of the Motion of Defendants Helen V. Chan, John Y. Chan, Raymond Young (dec.) and Lily Young to Dismiss the Complaint, and any opposition thereto, for good cause shown, it is hereby ORDERED that the Motion to Dismiss is GRANTED, and it is further ORDERED that the Complaint filed by Plaintiff (Doc. No. 1) is hereby dismissed in its entirety with prejudice.

Dated: May __, 2022

_____

LAUREL BEELER

United States Magistrate Judge

EXHIBIT A

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET - 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 · FAX (415) 974-1520