UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BRIAN WHITAKER,<br><br>        Plaintiff,<br><br>    v.<br><br>HELEN V. CHAN, et al.,<br><br>        Defendants. | Case No. 21-cv-02445-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 29 |

## INTRODUCTION

This is a disability-access case. The plaintiff has asserted claims under the Americans with Disabilities Act of 1990 (ADA) and California's Unruh Civil Rights Act (Unruh Act) based on his alleged inability to access a hair salon.[1] The defendants own the property where the offending hair salon once operated.[2] The defendants ask the court to dismiss the plaintiff's claims as moot because the business has closed permanently.[3] The plaintiff contends that he can maintain his claim for the following reasons: (1) the plaintiff's prayer for nominal damages under the ADA means that the plaintiff can maintain his claim even if injunctive relief is not available; (2) the

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 2 (¶¶ 2–4).

[3] Mot. – ECF No. 29 at 8–10.

ORDER – No. 21-cv-02445-LB

1  defendants may lease the property where the hair salon once existed to a new business; and (3) the
2  survival of the Unruh Act claim despite the business's closure and the court's ability to exercise
3  supplemental jurisdiction over this state-law claim.[4]

4  Notwithstanding the claim for nominal damages and the possibility that another business may
5  lease the subject premises, the plaintiff's ADA claims are moot under well-established law in this
6  district. The court declines to exercise supplemental jurisdiction over the plaintiff's Unruh Act
7  claim because of the potential damage to federal-state comity that may result from exercising
8  supplemental jurisdiction in cases like this one. *Arroyo v. Rosas*, 19 F.4th 1202, 1213–14 (9th Cir.
9  2021). Thus, the court dismisses the plaintiff's complaint without leave to amend.

### STATEMENT

The plaintiff, Brian Whitaker, is a quadriplegic who uses a wheelchair for mobility.[5] The plaintiff alleges that in March 2021 he could not access the Versailles Hair Salon.[6] The Versailles Hair Salon has since closed.[7] The defendants, Helen V. Chan, John Y. Chan, Raymond Young, and Lily Young, own the property where the Versailles Hair Salon was located.[8] The plaintiff sued the defendants for violating the ADA and the Unruh Act.

The defendant asks the court to dismiss the plaintiff's claims pursuant to Rule 12(b)(1) on ground that the plaintiff does not have standing to maintain his claim because — as the defendants' declarations establish — the Versailles Hair Salon has closed permanently.[9] For instance, the owner of the Versailles Hair Salon has dissolved the business and returned the keys

---

[4] Opp'n – ECF No. 40 at 2–8.
[5] Compl. – ECF No. 1 at 1 (¶ 1).
[6] *Id.* at 3 (¶ 10).
[7] Chan Decl. – ECF No. 31 at 1–2 (¶¶ 1, 5).
[8] Compl. – ECF No. 1 at 2 (¶¶ 2–4).
[9] Mot. – ECF No. 29 at 8–10; Bovarnick Decl. – ECF No. 30; Chan Decl. – ECF No. 31.

1    to the premises.[10] The plaintiff does not dispute that the business has closed and has not submitted

2    any evidence rebutting the defendant's evidence concerning the closure of the subject business.[11]

3    The parties have consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c).[12] The

4    court held a hearing on June 2, 2022.[13]

## JURISDICTIONAL STANDARDS

The jurisdiction of federal courts is limited to cases and controversies. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). The plaintiff has the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). To establish jurisdiction, the plaintiff must have standing, which means "a personal stake in the outcome" of the case. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (cleaned up). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (cleaned up).

"A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis*, 569 U.S. at 71 (cleaned up). Thus, "[a] claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tate v. Univ. Med. Ctr. of S. Nevada*, 606 F.3d 631, 634 (9th Cir. 2010) (cleaned up).

The defendant may challenge lack of subject-matter jurisdiction under Rule 12(b)(1). A Rule 12(b)(1) challenge "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "A 'facial' attack asserts that a complaint's allegations are themselves

---

[10] Chan Decl. – ECF No. 31 at 1–2 (¶¶ 1, 5).

[11] Opp'n – ECF No. 40 at 4 ("It makes no difference that the tenant may have dissolved its business since the landlord is liable for all barriers on the premises.").

[12] Consents – ECF Nos. 7, 15.

[13] The court also grants the defendant respective request to take judicial notice (ECF No. 42) of several court orders. Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

United States District Court
Northern District of California

insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). Under a facial attack, the court "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiffs." *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Where an attack is factual, "[t]he court need not presume the truthfulness of the plaintiff's allegation." *Safe Air for Everyone*, 373 F.3d at 1039. In a factual attack, the court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.*

The plaintiff has asserted a claim under Title III of the ADA, which prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a); *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1002 (9th Cir. 2013).

To establish standing for purposes of an ADA claim, "the plaintiff must allege 'continuing, present adverse effects' stemming from the defendant's action" because past exposure to illegal conduct is not sufficient. *C.R. Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1098 (9th Cir. 2017) (cleaned up). A plaintiff can establish standing in two ways: (1) "by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility," or (2) by demonstrating that he or she has been deterred from returning to the public accommodation at issue. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

## ANALYSIS

The issue is whether the plaintiff's complaint is moot because the subject business has closed permanently. Generally, the permanent closure of a business moots ADA claims against that business because ADA plaintiffs are limited to obtaining injunctive relief. There is no reason to depart from that rule in this case.

1   The Ninth Circuit has held that only injunctive relief is available to private ADA plaintiffs.
2   *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). Therefore, "[a]n ADA claim
3   may become moot where a defendant sells the property or permanently closes the public
4   accommodation." *Johnson v. Baird Lands, Inc.*, No. 18-cv-05365-VKD, 2020 WL 978629, at *3
5   (N.D. Cal. Feb. 28, 2020); *see also Kohler v. Southland Foods, Inc.*, 459 F. App'x 617, 618 (9th
6   Cir. 2011) (affirming summary judgment for defendant restaurant because the plaintiff's "claims
7   for prospective injunctive relief [under the ADA] became moot once the restaurant ceased
8   operation"); *Disabled Rts. Action Comm. v. Fremont St. Experience Liab. Co.*, 44 F. App'x 100,
9   103 (9th Cir. 2002) (holding that an ADA claim for injunctive relief "is moot given that the Race
10  Rock [the defendant restaurant] has gone out of business for reasons unrelated to this litigation.").

   The defendant submitted a declaration from the owner of the Versailles Hair Salon
establishing that the business is permanently closed and that the defendant is not occupying the
premises.[14] Under similar circumstances, courts in this district have routinely dismissed ADA
claims on grounds that the permanent closure of the subject business mooted the claim because the
plaintiff cannot plausibly expect to encounter the same barriers again. *See, e.g.*, *Whitaker v. Le
Marais Bakery, LLC*, No. 21-cv-06590-TSH, 2022 WL 827643, at *4 (N.D. Cal. Mar. 18, 2022);
*Johnson v. Opa Los Altos, LP*, No. 21-cv-04307-BLF, 2022 WL 159343, at *3 (N.D. Cal. Jan. 18,
2022). The plaintiff's arguments concerning nominal damages, the possibility of a new business
occupying the space, or the existence of an Unruh Act claim do not change the conclusion that the
permanent closure of the subject business mooted the plaintiff's ADA claim and that the plaintiff's
complaint should be dismissed.

**1. Nominal Damages**

   The plaintiff claims that his ADA claim is "not mooted" by the closure of the subject business
because he seeks nominal damages.[15] To support this argument, the plaintiff cites *Uzuegbunam v.*

---

[14] Chan Decl. – ECF No. 31 at 1–2 (¶¶ 1, 5).
[15] Opp'n – ECF No. 40 at 5.

ORDER – No. 21-cv-02445-LB                5

*Preczewksi*, where the Supreme Court held that "a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right." 141 S. Ct. 792, 802 (2021).

As other courts in this district have repeatedly held, this argument fails because the *Uzuegbunam* decision is not applicable to ADA claims. The Supreme Court decided *Uzuegbunam* under common law principles and not the ADA's statutory scheme. *See*, *e.g.*, *Whitaker v. Tesla Motors, Inc.*, No. 4:21-cv-3135-YGR, 2021 WL 4461210, at *1 (N.D. Cal. Sept. 29, 2021); *Whitaker v. Le Marais Bakery, LLC*, 2022 WL 827643, at *4; *Whitaker v. Pita Hub Inc.*, No. 21-cv-05571-DMR, 2022 WL 1157498, at *3 (N.D. Cal. Apr. 19, 2022); *see also Arroyo*, 19 F.4th at 1205–06, 1211 (remedies for ADA's private cause of action limited to prospective injunctive relief). Thus, the plaintiff's argument that the prayer for nominal damages prevented the closure of the subject business from mooting his ADA claim is not persuasive.

**2. Possibility of a New Business Occupying Premises**

The plaintiff contends that because the defendants own the property where the subject business once operated, the plaintiff's ADA claim is not moot because "when a business reopens there, the barrier will still be present."[16] In other words, the plaintiff argues that the alleged ADA violation is capable of repetition and evading review. The Ninth Circuit has considered and rejected this argument. *Kohler v. Southland Foods, Inc.*, 459 F. App'x at 618.

In *Kohler*, the Ninth Circuit affirmed summary judgment on grounds that the closure of the offending restaurant mooted the plaintiff's ADA claims. *Id.* The court went on to hold that the presence of access barriers in a restaurant is not the type of conduct capable of evading review. *Id.* ("A challenged action evades review only if it is almost certain to run its course before either this court or the Supreme Court can give the case full consideration. . . . That is not the case with respect to the operation of a restaurant.") (cleaned up). There is no reason to conclude that the alleged ADA violations at a hair salon are more capable of evading review than the alleged ADA

---

[16] *Id.* at 4.

United States District Court
Northern District of California

violations at the restaurant discussed in *Kohler*. *See*, *e.g.*, *Whitaker v. Eye Phone City*, No. CV 19-2872 DSF (JEM), 2020 WL 7065831, at *2 (C.D. Cal. Oct. 7, 2020) (dismissing ADA claim as moot after applying the reasoning from *Kohler* to a retail store).

Furthermore, the plaintiff has not pointed to any evidence suggesting that the Versailles Hair Salon will reopen.[17] The absence of such evidence also supports dismissal for mootness. *See Johnson v. Cala Stevens Creek/Monroe, LLC*, 401 F. Supp. 3d 904, 910 (N.D. Cal. 2019) (holding that the possibility that a business closed for over a year would reopen was "too remote and speculative" to save the plaintiff's ADA claim from mootness given the lack of evidence supporting that supposition). Thus, even though a new business may move into the subject property, the plaintiff's ADA claims are moot.[18]

### 3. Supplemental Jurisdiction

In addition to the plaintiff's ADA claim, the plaintiff asserts a claim under the Unruh Act and — without addressing the standard for supplemental jurisdiction —asks the court to exercise supplemental jurisdiction over this state law claim.[19] The court declines to exercise supplemental jurisdiction over the Unruh Act claim because the litigation is at an early stage and comity interests outweigh any potential efficiencies.

The Unruh Act "incorporates the substantive requirements of the ADA but provides for statutory damages." *Garcia v. Maciel*, No. 21-cv-03743-JCS, 2022 WL 395316, at *2 (N.D. Cal. Feb. 9, 2022); *see also* Cal. Civ. Code § 51 ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section") (footnote omitted). As the plaintiff points out, even if the ADA claim is moot, the Unruh Act may remain live because the Unruh Act looks to past harm.[20] *Johnson v.*

---

[17] *See generally* Opp'n – ECF No. 40.

[18] Because the court has determined that the plaintiff's ADA claim is moot, it need not consider the plaintiff's arguments concerning the applicability of the ADA to business that are open by appointment only. *See* Opp'n – ECF No. 40 at 3–4.

[19] Opp'n – ECF No. 40 at 2.

[20] *Id.*

*Cala Stevens Creek/Monroe, LLC*, 401 F. Supp. 3d at 911. Consequently, the issue is whether the court must exercise supplemental jurisdiction over the plaintiff's Unruh Act claim.

If the court has original jurisdiction over a claim, then the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "Supplemental jurisdiction is mandatory unless prohibited by § 1367(b) [which applies only where the court's original jurisdiction is based on diversity jurisdiction] or unless one of the exceptions in § 1367(c) applies." *Garcia*, 2022 WL 395316, at *1 and n.3 (footnote and citation omitted). Section 1367(c) provides that courts may "decline supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In this case, it is appropriate to decline to exercise jurisdiction pursuant to §§ 1367(c)(3) and (4). Concerning § 1367(c)(3), "Courts in this district have declined to exercise supplemental jurisdiction over Unruh Act claims after dismissing the parallel ADA claim." *Johnson v. Techbusiness Res.*, LLC, No. 20-cv-06048-BLF, 2020 WL 7013596, at *3 (N.D. Cal. Nov. 28, 2020). Because the plaintiff's ADA claim is dismissed as moot, § 1367(c)(3) supports the decision to decline supplemental jurisdiction over the plaintiff's Unruh Act claim.

Furthermore, the Ninth Circuit recently considered § 1367(c) in *Arroyo v. Rosas* and recognized that "exceptional circumstances" may exist when an Unruh Act claim is paired with an ADA claim. 19 F.4th at 1214 ("[W]e have little difficulty concluding that the district court did not abuse its discretion in concluding that the situation presented here involves 'exceptional circumstances' within the meaning of § 1367(c)(4)."). The practice of pairing ADA claims with Unruh Act claims is problematic because it allows litigants to evade California's procedural rules for Unruh Act claims.

In 2015, the California Legislature "imposed additional procedural requirements on 'construction-related accessibility claims' in order to address what it believed was continued abuse

by 'high-frequency litigant[s].'" *Arroyo*, 19 F.4th at 1207 (quoting Cal. Civ. Proc. Code § 425.55(a)(2), (b)) (alteration in original). By filing Unruh Act claims with ADA claims in federal court, plaintiffs can evade these procedural safeguards. *Id.* at 1213 ("In short, the procedural strictures that California put in place have been rendered largely toothless, because they can now be readily evaded."); *Garcia*, 2022 WL 395316, at *2 ("Courts have generally held that, under the *Erie* doctrine, those requirements [the Unruh Act's procedural requirements] do not apply in federal court.") (citation omitted).

Despite its acknowledgment of the potential problems associated with exercising supplemental jurisdiction over Unruh Act claims, the *Arroyo* court held that the district court abused its discretion by declining to exercise supplemental jurisdiction over the Unruh Act claim. 19 F.4th at 1217. This part of the holding depended on the late stage of the litigation: the district court had already issued an order on summary judgment in favor of the plaintiff. *Id.* at 1215–16 ("Given that the correct disposition of Arroyo's Unruh Act claim follows obviously and ineluctably from the findings that the district court has already made, it would be a sheer waste of time and resources to require that claim to be refiled in state court.").

Based on the foregoing, many courts have held that the *Arroyo* court's reasoning supports declining to exercise supplemental jurisdiction over Unruh Act claims where the litigation is at an early stage. *See*, *e.g.*, *Whitaker v. Pita Hub Inc.*, 2022 WL 1157498, at *2; *Whitaker v. Alice & Olivia California Holdings LLC*, No. 21-cv-08106-VC, 2022 WL 1135088, at *1 (N.D. Cal. Apr. 18, 2022); *Garcia*, 2022 WL 395316, at *3 (collecting cases). The reason is that when a case "has not progressed beyond threshold questions of standing and jurisdiction, the strong comity concerns identified by the Ninth Circuit in *Arroyo* outweigh any countervailing considerations of economy and efficiency that might be adversely affected by requiring Garcia to refile his Unruh Act claim in state court." *Garcia*, 2022 WL 395316, at *5.

Here, the litigation has not moved beyond threshold jurisdictional questions of standing and mootness, and the only claim over which the court has original jurisdiction is moot. Thus, under §§ 1367(c)(3) and (4), the court declines to exercise supplemental jurisdiction over the plaintiff's Unruh Act claim.

## CONCLUSION

The plaintiff's complaint is dismissed without leave to amend. The ADA claim is dismissed with prejudice as moot. The court declines to exercise supplemental jurisdiction over the Unruh Act claim, which is dismissed without prejudice to refiling it in state court.

**IT IS SO ORDERED.**

Dated: June 2, 2022

_____
LAUREL BEELER
United States Magistrate Judge